| | |
|---|---|
| Christian W. Rohrich<br>vs.<br>Peter J. Finley, alias. | No. 77940. |

### February 17, 1931.

CHURCHILL, J. Heard on motion for new trial filed by the defendant after verdict for the plaintiff for $4200.

Ruby Rohrich, the wife of the plaintiff, was killed by shots from a revolver in the hands of the defendant on January 8, 1927.

The plaintiff brought suit to recover damages for death by wrongful act for his own benefit and the benefit of his daughter Gloria, an infant child of the marriage.

The defence was that the discharge of the revolver was the result of an unavoidable accident.

The defendant was about 33 years old and had been an inmate of the State Hospital for Mental Diseases and had been paroled some time prior to the 8th of January, 1927, on the recommendation of Dr. Donley. Since his parole he had been living with his parents at their home in East Providence. He had met Ruby Rohrich while an inmate of the State Hospital, where she was employed at the time. She came to the home of the defendant's parents in East Providence on the evening of the 8th of January, 1927. Mrs. Nora Finley, the mother of the defendant, was the only eye-witness of the affair produced by either side. Her testimony, taken as a whole, on the vital questions involved, would warrant a jury in finding that Peter J. Finley, his mother, Nora, and Ruby Rohrich were together in a room on the ground floor of the house; that after some conversation between the defendant and Ruby Rohrich he became apprehensive that the husband of Ruby Rohrich was coming to the house; that he drew a revolver from his pocket and attempted to shoot himself; that his mother tried to wrest the revolver from him, failed to do so, turned and ran away; that Ruby Rohrich was standing near at the time this occurrence took place; that as the mother got to the door of the room, she heard two shots fired.

It appeared by further testimony that five shots entered the body of Ruby Rohrich; that Peter J. Finley fled the house forthwith and was arrested later by the police of the Town of East Providence.

On the issue as to whether or not the killing of Ruby Rohrich was unavoidable accident or was the result of a voluntary act on the part of the defendant, the preponderance of the evidence is with the plaintiff.

The defendant makes the further argument that the verdict is against the law in that no evidence was given of the probable expenses of the deceased, and that the verdict is excessive.

The deceased was 38 years old. She was married to the plaintiff on June 6th, 1921, and from a time prior to her marriage to the time of her death she had been employed by the State Hospital for Mental Diseases. She was paid $65 a month and her board and lodging were given her at that institution. Her husband was also employed at the same institution.

No evidence was introduced by the plaintiff as to the fair value of her services as a housekeeper, the plaintiff going to the jury on the theory that she was an independent producer of income.

Much stress is laid by the defendant on the testimony of the plaintiff in cross-examination that the husband and wife intended to keep on working at the hospital for one or two years only, and from this the defendant argues that the jury's verdict is excessive in that by no possibility could the deceased have earned an amount that would justify the verdict.

There was no agreement between the husband and wife as to the time when she should cease working at the hospital, and the plaintiff further testifies in redirect examination that it might be three, four or five years before they had saved up sufficient funds to enable them to cease working.

The testimony of the husband as to the probable length of time his wife expected to work at the hospital is obviously vague and not particularly satisfactory, but under all the circumstances it was for the jury to determine.

In respect to the probable expenses of the wife testimony was introduced showing that $10 a week was a fair estimate of what her board and lodging would cost, and that her husband paid her laundry bills, which averaged about $1.75. That is all the testimony as to what the wife would have expended as a producer to acquire the

money that she might be expected to produce. What her probable expenses would have been for clothing and other necessary expenses, laundry and board and lodging excepted, according to her station in life, were left entirely to conjecture and surmise.

In the case of *Burns* vs. *Brightman*, 44 R. I. 316, it was held in the case of a married woman who was not acting as an independent producer of income that there must be evidence of "the expense the deceased would have to incur to produce her income." A fortiori does the rule apply to the case at bar?

There is no evidence as to certain substantial and necessary expenses which the deceased would naturally have incurred.

The verdict is against the law in this respect and does not do justice between the parties.

The motion for a new trial is granted on the question of damages only.

For plaintiff: Fergus J. McOsker.

For defendant: Edward H. Ziegler, Charles A. Kelly.